SARAH ROYSE v. JNO. BLAIR.

Vendor and Purchaser—Reservation in Deed—Consideration for Release.

A deed contained the following provision "said vendors reserve for their use, etc, a sufficiency of said land, for their support and maintenance during their lives." Arbitrators having been appointed, some 30 acres were set aside for use of Royse and wife. At his death, the wife entered into an agreement with Blair the purchaser, "conditioned that when the surplus on hand etc., shall be used by me as a support etc., that he will on request of me, or my agent, lay off a sufficiency of land according to the arbitration bond now filed in Milton Howe's office, according to the requirements of said bond." Whereupon she surrendered to Blair the land. Held that in the absence of the filing of said bond or proof, and no provision being made for the support of the wife, it was without consideration for the surrender of the land.

APPEAL FROM ADAIR CIRCUIT COURT.

December 15, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

When Jno. Royse conveyed the land to Jno. Blair, March 26, 1853, he inserted the following provision, "the said Royse & Wife reserve for the use and benefit of Solomon Royse and Sarah his wife during their lives a sufficiency of said land to afford said Solomon and Sarah a support and maintenance during their lives." There arising a misunderstanding between Blair and Solonmon Royse in 1856, they, by written agreement, submitted the matter to three arbitrators who designated some 20 or 30 acres of the land by metes and bounds to the old man, who continued to reside upon and control it until his death in 1858.

The next day after his death, Blair and Sarah Royse the widow, then far advanced in years and frail, entered into another obligation whereby she surrendered to him the land then set apart to her husband and herself upon "conditions as follows, viz: that when the surplus that is now on hand or may hereafter come to hand shall all be used by me as a support and maintenance, that he will on request of me or my agent lay off a sufficiency of land, according to the arbitration bond now filed in Milton Howe's office, to support me according to the requirements of said bond."

Solomon Royse's estate was insolvent, therefore, the widow got but little from it. The arbitration bond named in said obligation has not been filed nor proved, its terms are therefore unknown to us; the parties may have meant the written submission but it makes no provision for her support No consideration, therefore, for the surrender of said land is made to appear.

But Blair insists that as she had a pension from the Government, because her husband was a pensioned soldier, which is sufficient to support her, that she has no claim on him and therefore her suit should be dismissed, seeking an allotment of said land and to hold him responsible for her support since the surrender of the land. The court allowed to her the land but adjudged costs against her, and dismissed her petition as to any claim for damages.

Sarah Royse, even by the writing which she signed did not agree to appropriate her pension to her support and certainly Blair had no right to demand this.

It is true her son William witnessed the writing she executed to Blair, but her advanced age, the circumstances under which it was executed, its own ambiguous terms and the total want of an adequate consideration are all persuasive arguments against its validity. Blair should have been held responsible at least for the reasonable value of the rents of the land assigned to Solomon Royse from the time she surrendered until the final adjudication and then it should be put under her control during her life, and he should be adjudged to pay her the legal costs expended in this suit.

Wherefore the judgment is reversed with directions for further proceedings consistent herewith.

*Russell & Avritt, for appellant.*

*James, Garnett, for appellee.*